**DANIEL DONOVAN, PC**
WWW.DANIELDONOVANLAW.COM

| | | |
|---|---|---|
| Daniel Donovan | P.O. Box 2799 | Telephone (406) 727-0500 |
| Life Member | Great Falls, Montana 59403 | dan@danieldonovanlaw.com |
| National Assn. of Criminal Defense Lawyers | | Recipient of the Charles F. (Timer) Moses Award 1997 |
| Montana Assn. of Criminal Defense Lawyers | | Montana Criminal Defense Lawyer of the Year 2009 |

July 25, 2011

Ninth Circuit Court of Appeals
Attn.: Molly Dwyer, Clerk of Court
95 Seventh Street
San Francisco, CA 94103-1526

   Re: United States v. Gentry Carl LaBuff
   U.S.D.C., Montana, Great Falls Division No. CR 10-23-GF-SEH
   U.S. Ninth Circuit Court of Appeals No. 10-30274
   Our File: LABG-02

Dear Ms. Dwyer:

  For several reasons, we most respectfully object to the request of the United States Attorney for the District of Montana to publish the memorandum disposition issued on July 1, 2011. This request is included in a letter to this Court dated July 18, 2011. This letter was filed by the Clerk of Court on July 25, 2011. No copy of the letter was ever mailed to, or served on, counsel for Mr. La Buff. Furthermore, no contact was made by the United States Attorney for the District of Montana with Mr. LaBuff's counsel concerning the request to publish the memorandum disposition.
  There is no provision in Ninth Circuit Rule 36-2 for a party to make a request to the Court via letter to publish a decision. Accordingly, such a request must be made by motion pursuant to Ninth Circuit Rule 27-10. If this letter were to be deemed a motion, it would be filed out-of time as past the 14 day deadline.
  Contrary to the assertion of the United States Attorney for the District of Montana, the LaBuff memorandum disposition does not "establish[], alter[], modifi[y] or clarif[y] a rule of law" as required by Ninth Circuit Rule 36-2(a). This memorandum disposition simply applies existing law from the <u>Bruce</u> and <u>Cruz</u> cases to the facts of LaBuff's case to reject his claim that the Government did not prove beyond a reasonable doubt that he is an "Indian person" as required by 18 U.S.C. § 1153.
  In the memorandum disposition, this Court did not refer to the <u>Maggi</u> opinion. The United States Attorney for the District of Montana now relies on that opinion and wants this Court to publish its decision without any reference to, or analysis of, the <u>Maggi</u> decision. Clearly, the <u>Maggi</u> court pointed out that the determination of Indian status must be made by a "case-by-case analysis." 598 F.3d at 1083. There is nothing new or unique about the circumstances of LaBuff that would assist in the case-by-

case analysis of the next Indian status case.

Most respectfully, this Court, in rendering its memorandum disposition, did not engage in a detailed legal and factual analysis as was done in the Bruce, Cruz, and Maggi opinions. Thus, the LaBuff decision would provide little guidance in future Indian status cases. Furthermore, in its memorandum disposition, this Court really did not analyze, in any meaningful way, many of LaBuff's arguments as to why he was not proven to be an "Indian person." These include: LaBuff had a choice, to be an Indian person or to be a white person. His mother is white, his father is a Blackfeet Indian. The Blackfeet Tribe and its members made the decision for LaBuff. He is not eligible to become a member of the Blackfeet Tribe. He enjoys virtually none of the benefits of being an Indian person. The Tribe does not treat LaBuff as Indian. Not only has LaBuff been treated as a non-Indian person by the Blackfeet Tribe, tribal members have treated him as a white person. When he attended school on the reservation, Blackfeet children teased and taunted him as being a "white boy." He is "white-looking" and "light skinned." LaBuff lives on the Blackfeet Reservation but so does his white mother. Because he lives on the reservation, he gets free Indian Health Service benefits based on his father's membership in the Blackfeet Tribe. Although he was prosecuted in tribal court, by its own laws and constitution, the Blackfeet Tribe does not have jurisdiction over LaBuff. He cannot participate in tribal activities. LaBuff does not participate in Indian social or religious activities. He considers himself white and has never held himself out to be an Indian person.

Finally, it must be noted that the United States Attorney for the District of Montana affirmatively stated that "oral argument is unnecessary because the facts and legal arguments are adequately presented in the briefs and record." (Brief of Appellee at 2). In accordance with this request, the United States Attorney for the District of Montana did not object when this Court cancelled the oral argument. Now, using a letter, the United States Attorney for the District of Montana attempts to come through the back door and improperly submit additional factual and legal arguments to this Court. This should not be permitted.

LaBuff does not agree with the memorandum disposition. He still maintains that the Government did not prove beyond a reasonable doubt that he is an "Indian person." However, the memorandum disposition does not meet the criteria for publication as set forth in Ninth Circuit Rule 36-2.

Very truly yours,

/s/ Daniel Donovan
DANIEL DONOVAN

cc: Leif M. Johnson, Assistant U.S. Attorney (via ECF)
    Gentry Carl LaBuff (via U.S. Mail)